UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____x
MARIO DELORBE                                           :
                               Plaintiff       :
      -against-                                               :   COMPLAINT
                                               :   AND JURY DEMAND
                                               :
                                               :   No.
THE CITY OF NEW YORK, and POLICE         :
OFFICERS CARLOS PACHECO and JOHN DOE  :
#1 of the NEW YORK CITY POLICE                  :
DEPARTMENT                                                 :
                                               :
                                 Defendant(s),     :
_____x

## PRELIMINARY STATEMENT

1.    This is an action for monetary damages (compensatory and punitive) against THE CITY OF NEW YORK, and POLICE OFFICER CARLOS PACHECO ("PACHECO") AND JOHN DOE#1 of the New York City Police Department ("NYPD"), arising out of the false arrest, false imprisonment, assault and battery and use of excessive force against MARIO DELORBE ("Plaintiff").

2.    On or about March 11, 2018, PACHECO and JOHN DOE #1 both members of the NYPD, acting under the color of state law, intentionally and willfully subjected plaintiff to, *inter alia*, false arrest, false imprisonment and detention, assault and battery and use of excessive force, for acts of which plaintiff was innocent. This unconstitutional and unreasonable seizure of the plaintiff and his property was in violation of plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

3.    The Plaintiff, through his attorneys, complaining of the defendants, respectfully alleges:

## JURISDICTION

4. This action is brought under 28 U.S.C. §§ 1331 and 1343, 42 U.S.C. §§ 1983, 1985 and 1988 and the Fourth, Fifth and Fifteenth Amendments to the Constitution of the United States. Pendant Jurisdiction, pendant party jurisdiction, and supplementary jurisdiction over plaintiff's state law claims is asserted.

5. The amount in controversy exceeds $75,000.00 excluding interest and costs.

6. Venue is laid within the United States District Court for the Southern District of New York in that the claims alleged in the complaint occurred within the boundaries of the Southern District of New York, particularly Bronx County.

## PARTIES

7. Plaintiff, at all times relevant hereto, resided in the City and State of New York, County of Bronx.

8. That at all times hereinafter mentioned, and upon information and belief, the defendant, THE CITY OF NEW YORK, was at all times relevant hereto, a municipal corporation duly organized and existing under the laws, statutes and charters of the State of New York.

9. The NYPD was, at all times relevant hereto, an agency of the defendant THE CITY OF NEW YORK.

10. That at all times hereinafter mentioned, and on information and belief, the defendants PACHECO, JOHN DOE #1 and other members of the NYPD, were at all times relevant hereto, employees of the defendant CITY OF NEW YORK, as police officers employed by the NYPD.

11. At all times mentioned herein, defendants were acting under color of state and local law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the City of New York and the State of New York.

12. That at all times hereinafter mentioned, and upon information and belief, the individual defendants are named herein both personally and in their official representative capacities as police officers employed by the defendant, THE CITY OF NEW YORK. And that each and all of the acts of the individual defendants alleged herein were done by the individual defendants and each of them under cover and pretense of the statutes and laws of the State of New York, and under and by virtue of their authority as police officers and employees of defendant, THE CITY OF NEW YORK.

13. That as a result of the foregoing, the defendant, THE CITY OF NEW YORK, is liable for the individual defendant's acts under to the doctrine of "respondeat superior."

## FACTUAL ALLEGATIONS

14. On or about March 11, 2018, at approximately 11:55 a.m., in the vicinity of 40 West 225th Street in Bronx County, plaintiff double-parked his car across the street from a Target store.

15. Plaintiff crossed the street to go into the Target store, but before doing so turned around to go back to his car.

16. As he walked to his car plaintiff passed a marked police vehicle that PACHECO and JOHN DOE #1 were sitting inside of.

17. Plaintiff then entered his double-parked car, drove to the Target parking lot located behind the Target store, exited his vehicle, and entered the Target store from the back entrance.

18. At approximately 12 p.m., plaintiff exited the Target store from the front entrance on 225th Street when he was approached by PACHECO and JOHN DOE #1.

19. The defendants then began to handcuff plaintiff, and in doing so caused plaintiff, who uses a cane to walk, to fall to the ground.

20. PACHECO and JOHN DOE #1 then handcuffed both of plaintiff's wrists as he was on the ground.

9

21. PACHECO and JOHN DOE #1 handcuffed plaintiff so tightly they caused him to feel pain in both wrists. In addition, plaintiff had visible marks on both wrists as result of being handcuffed so tightly.

22. The defendants then grabbed plaintiff, picked him up from the ground and forcefully marched him into their marked police vehicle.

23. Plaintiff, now under arrest, was brought to 52 Precinct for arrest processing.

24. As a result of falling to the ground and being forcefully put into the police vehicle, plaintiff suffered excruciating pain that included bleeding to his right leg and a cut to his left thumb.

25. PACHECO and JOHN DOE #1 refused to let plaintiff use his cane after he was handcuffed which exacerbated his leg pain.

26. Plaintiff was not allowed to use a cane until he was brought to Bronx Criminal Court.

27. Once at the 52nd Precinct plaintiff requested medical attention for his leg.

28. At the 52nd Precinct, EMS took plaintiff to St. Barnabas Hospital where he was diagnosed with musculoskeletal pain.

29. Plaintiff was then brought back to the 52nd Precinct.

30. When plaintiff was brought to St Barnabas Hospital his wrists were handcuffed and his ankles were shackled.

31. In addition, while at St. Barnabas Hospital, plaintiff's blood was taken without his consent.

32. After receiving treatment at St. Barnabas Hospital plaintiff was brought back to the 52 Precinct before he was taken to Bronx County Criminal Court where he was arraigned in AR-1 on March 12, 2018 on Docket No. 2018BX008407. Plaintiff was charged with Reckless Endangerment in the Second Degree (PL § 120.20); Resisting Arrest ((PL § 205.30); Unlawful Fleeing a Police Officer in the Third Degree (PL § 270.25) and Reckless Driving (VTL § 1212).

33. Plaintiff spent over 24 hours in custody.

9

34. On April 30, 2018 the Bronx County District Attorney dismissed all of the charges against plaintiff.

35. Plaintiff suffered physical pain, including an injury to his right thumb and leg and emotional distress, including nightmares, because of his arrest and detention.

36. Because of defendants' conduct, plaintiff was imprisoned, detained, restrained, and held against his will and was unlawfully deprived of his liberty and property.

37. The arrest of the plaintiff was committed by the defendants without legal process and without probable cause.

38. Defendants acted maliciously and intentionally.

39. As a direct and proximate result of the acts of defendants, plaintiff suffered injuries including but not limited to, embarrassment, humiliation, emotional distress, loss of liberty and property as well physical injury that required plaintiff to seek medical attention.

## FIRST CLAIM FOR RELIEF
(FALSE ARREST AND ILLEGAL IMPRISONMENT)

40. Paragraphs 1 through 39 are herein incorporated by reference.

41. Defendants PACHECO and JOHN DOE#1 subjected plaintiff to false arrest, imprisonment, and deprivation of liberty without probable cause.

42. Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff under 42 U.S.C. §§ 1983 and 1985 and the New York State Constitution.

43. As a result of the false arrest, imprisonment, and deprivation of liberty, plaintiff was damaged in the sum of Five Million ($5,000,000.00) Dollars.

**WHEREFORE**, plaintiff demands judgment against the defendants, jointly and severally as follows:

A. In favor of the plaintiff in the amount of Five Million ($5,000,000.00) Dollars;

B.      Awarding plaintiff punitive damages in the amount of Five Million ($5,000,000.00) Dollars;

C.      Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and

D.      Granting such other and further relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
(EXCESSIVE FORCE)

44.     Paragraphs 1 through 43 are herein incorporated by reference.

45.     Defendants PACHECO and JOHN DOE#1 subjected plaintiff to excessive force when they caused him to fall to the ground and then forcefully marched him to their vehicle before bringing plaintiff to the 52 Precinct.

46.     Defendants' use of physical force against plaintiff was unnecessary, wanton, excessive, and was not applied in good-faith pursuit of Defendants' law-enforcement duties.

47.     As a result of Defendants' use of excessive force against Plaintiff, Defendants have deprived Plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff under 42 U.S.C. §§ 1983 and 1985 and the New York State Constitution.

48.     As a result of Defendants' excessive force, plaintiff was damaged in the sum of Five Million ($5,000,000.00) Dollars.

**WHEREFORE**, plaintiff demands judgment against the defendants, jointly and severally as follows:

A.      In favor of the plaintiff in the amount of Five Million ($5,000,000.00) Dollars;

B.      Awarding plaintiff punitive damages in the amount of Five Million ($5,000,000.00) Dollars;

C.      Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and

D.    Granting such other and further relief as this Court deems just and proper.

### THIRD CLAIM FOR RELIEF
(MUNICIPAL LIABILTY)

49. Paragraphs 1 through 48 are incorporated herein by reference.

50. Defendant CITY OF NEW YORK is liable for the damages suffered by the plaintiff as a result of the conduct of its employees, agents, and servants.

51. Defendant CITY OF NEW YORK knew or should have known of their employees', agents', or servants' propensity to engage in the illegal and wrongful acts detailed above.

52. Upon information and belief, defendants and their supervisors have in the past falsely arrested individuals without probable cause, and made, and allowed other fellow police officers to make false entries in official police department records to cover up and hide their wrongful conduct.

53. Defendant CITY OF NEW YORK has failed to take steps necessary to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar cases involving misconduct.

54. Defendant CITY OF NEW YORK has damaged the plaintiff by its failure to properly supervise, train, discipline, review, remove, or correct the illegal and improper acts of its employees, agents or servants in this and in similar cases involving police misconduct.

55. Defendants subjected plaintiff to false arrest and false imprisonment.

56. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of Five Million ($5,000,000.00) Dollars.

**WHEREFORE**, plaintiff demands judgment against the defendants, jointly and severally as follows:

A.    In favor of the plaintiff in the amount of Five Million ($5,000,000.00) Dollars;

B.     Awarding plaintiff punitive damages in the amount of Five Million ($5,000,000.00) Dollars;

C.     Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and

D.     Granting such other and further relief as this Court deems just and proper.

## FOURTH CLAIM FOR RELIEF
(FOURTH AMENDMENT VIOLATION)

57.    Paragraphs 1 through 56 are incorporated herein by reference.

58.    Defendant PACHECO and JOHN DOE #1 arrested plaintiff subjecting him to false arrest, imprisonment and deprivation of liberty without probable cause.

59.    That as a result of the foregoing, the plaintiff has been deprived of his following rights, privileges and immunities secured to him by the constitution and the laws of the United States: the right to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments; the rights of the plaintiff not to be deprived of life, liberty or property without due process of law under the Fourth and Fourteenth Amendments; and the right to be free from a deprivation of his civil rights in violation of the statutes made and provided.

60.    Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of Five Million ($5,000,000.00) Dollars.

**WHEREFORE**, plaintiff demands judgment against the defendants, jointly and severally as follows:

A.     In favor of the plaintiff in the amount of Five Million ($5,000,000.00) Dollars;

B.     Awarding plaintiff punitive damages in the amount of Five Million ($5,000,000.00) Dollars;

  C. Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and

  D. Granting such other and further relief as this Court deems just and proper.

## FIFTH CLAIM FOR RELIEF
(DUE PROCESS VIOLATION)

  61. Paragraphs 1 through 60 are incorporated herein by reference.

  62. Defendants PACHECO and JOHN DOE #1 illegally arrested plaintiff subjecting him to false arrest, imprisonment and deprivation of liberty without probable cause.

  63. That as a result of the foregoing, the plaintiff has been deprived of his following rights, privileges and immunities secured to him by the constitution and the laws of the United States: the right to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments; the rights of the plaintiff not to be deprived of life, liberty or property without due process of law under the Fourth and Fourteenth Amendments; and the right to be free from a deprivation of his civil rights in violation of the statutes made and provided.

  64. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of Five Million ($5,000,000.00) Dollars.

  **WHEREFORE**, plaintiff demands judgment against the defendants, jointly and severally as follows:

  A. In favor of the plaintiff in the amount of Five Million ($5,000,000.00) Dollars;

  B. Awarding plaintiff punitive damages in the amount of Five Million ($5,000,000.00) Dollars;

  C. Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and

D. Granting such other and further relief as this Court deems just and proper.

## Jury Demand

Plaintiff demands a jury trial.

Dated: New York, New York
March 10, 2021

                FINK & KATZ, PLLC.

                /s/ Jonathan Fink
      By: Jonathan Fink
            Plaintiff's Attorney

**Attorney for Plaintiff**

Jonathan A. Fink
Fink & Katz, PLLC
299 Broadway, Suite 1803
New York, New York 10007
Telephone: (212) 385-1373

9